IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**THE AMERICAN INSURANCE COMPANY,**
An Ohio corporation

    Plaintiff,

vs.                                                                    CASE NO. 4:12-cv-140-RS-CAS

**J. KINSON COOK, INC.,** a Florida corporation;
**J. KINSON COOK OF GEORGIA, INC.,** a
Georgia corporation; **J. KINSON COOK,**
individually; **J. KINSON COOK, JR.,** individually;
**L. FINLEY COOK,** individually; **S. LAMONT
COOK,** individually; and **JKC INVEST ONE, LLC,**
A Florida Limited Liability Company,

    Defendants.
_____/

## ORDER

Before me are Defendants' Motion to Dismiss Amended Complaint (Doc. 22) and Plaintiff American Insurance Company's ("AIC") Response in Opposition (Doc. 28).

### I. Standard of Review

To survive a motion to dismiss, a complaint must contain sufficient facts, which accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 569, 127 S. Ct. 1955, 1974 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 103 S. Ct. 2229, 2232 (1984). In making this determination, the court must accept all factual

1

allegations in the complaint as true and in the light most favorable to Plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182 (2003).

## II. Analysis

AIC claims that it should be indemnified by Defendants for judgment entered in Fulton County, Georgia, pursuant to two general indemnification agreements concluded in 1992 and 1997 (Doc. 16, p. 7). Defendants seek dismissal for failure to meet the amount-in-controversy requirement of 28 U.S.C. § 1332(a) (Doc. 22, p. 12), lack of standing (Doc 22, pp. 12, 14), and failure to state a claim upon which relief can be granted (Doc. 22, p. 19). For the reasons set forth below, the motion to dismiss is **DENIED**.

### A. Amount-in-Controversy

28 U.S.C. § 1332(a) gives the federal district courts original jurisdiction over all civil actions where the amount-in-controversy exceeds $75,000, exclusive of interest and costs. Where a plaintiff makes a claim for an amount that exceeds the $75,000 amount-in-controversy, such a claim is given deference unless it appears to a legal certainty that the claim is for less than the jurisdictional amount. *Federated Mutual Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805 (11th Cir. 2003). Put another way, the pleadings must demonstrate to a legal certainty that the plaintiff *cannot* recover the amount claimed. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

American Insurance Company claims in its pleadings amounts ranging from $101,473 owed for indemnification to $941,810 owed as collateral security as required by contract (Doc. 16, p. 7). Neither of these amounts seems implausible on their face, and it

2

does not appear to a legal certainty, at least from the face of the pleadings, that American Insurance Company could not recover such amounts.

### B.  Standing/Failure to State a Claim

Article III of the United States Constitution limits the role of the federal judiciary to resolving cases and controversies.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-560, 112 S. Ct. 2130, 2136 (1992).  Standing is a core component of this Article III requirement that must be established by litigants before a court may exercise jurisdiction over their claims.  *Id.* at 560, 112 S. Ct. at 2136.  The doctrine of standing requires (1) that Plaintiff must have suffered an injury-in-fact; (2) that there must be a causal connection between the injury and the conduct complained of; and (3) that it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  *Id.* at 560-561, 112 S. Ct. at 2136.

To support standing, general factual allegations of injury resulting from the Defendants' conduct may suffice at the pleading stage.  On a motion to dismiss, the court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim."  *Lujan*, 504 U.S. at 561, 112 S. Ct. at 2137.

AIC alleges that is was injured by Defendants' failure to abide by two general indemnification agreements ("GIAs") which require Defendants to reimburse AIC for judgment rendered against it (Doc. 16, pp. 3-6).  AIC also alleges injury to itself by Defendants' failure to post collateral security as required by the GIAs (Doc. 16, pp. 5, 11).  AIC directly attributes these injuries to Defendants' failure to abide by the terms of the GIAs (Doc. 16, p. 7).  AIC seeks to invoke well-established remedies at equity and

law to redress these injuries. Taken in the light most favorable to Plaintiff, the pleadings show that AIC has sustained an injury by Defendants' failure to abide by their contractual duties, and such injuries are able to be redressed by a favorable decision.

Additionally, Defendants argue that AIC has failed to state a claim upon which relief can be granted. AIC has alleged sufficient injuries in its pleadings such that Defendants' argument is without merit.

### III. Conclusion

**IT IS ORDERED** that the Motion to Dismiss (Doc. 22) is **DENIED**.

**ORDERED** on June 22, 2012.

                          /S/ Richard Smoak
                          **RICHARD SMOAK**
                          **UNITED STATES DISTRICT JUDGE**